**FILED**

**JAN 1 2 2010**

*[signature]* CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

CIVIL NO: 10-5002

| | |
|---|---|
| VERNELL BUCKMAN, individually, and as Administrator of the Estate of CHERYL ANN BUCKMAN, Deceased,<br><br>    Plaintiff,<br><br>v.<br><br>LLOYD MCPHERSON, ROMMEL BRANDT, MILA BERDECIA, and KATHERINE MACLEAN, and JOHN DOE NUMBER ONE THROUGH FIVE, individually, and jointly and severally,<br><br>    Defendants. | COMPLAINT |

  COMES NOW the Plaintiff, by and through legal counsel, and for her complaint, states as follows:

  1. Plaintiff, Vernell Buckman is Native American and a member of the Oglala Sioux Tribe, residing in New Town, North Dakota. Cheryl Ann Buckman, the deceased, was Vernell Buckman's natural sister, and resided in Pine Ridge, South Dakota. Cheryl Ann Buckman died on January 12, 2008 in Pine Ridge, South Dakota. Vernell Buckman was appointed as the Administrator of the Estate.

  2. At all times relevant hereto, the Department of Health and Human Services, a federal agency of the United States government, was and is now the owner, operator, and/or manager of the Pine Ridge Indian Health Service (IHS) Hospital in Pine Ridge, South Dakota. The Pine Ridge IHS Hospital is located within the exterior boundaries of the Pine Ridge Sioux Indian Reservation, and is legally obligated to provide health care services to Native

Americans by statutory and treaty mandates.

3. Throughout the time period of April 30, 2001 through August 30, 2007, the Deceased, Cheryl Ann Buckman, as a result of complaints of stomach/abdominal discomfort, presented herself to the Pine Ridge Indian Health Service ("IHS") Hospital because she had no other alternative but to go there for urgent and regular medical care.

4. Employees of the Pine Ridge IHS Hospital, and private independent conract employee physicians, Lloyd Mcpherson, Rommel Brandt, Mila Berdecia, Katherine Maclean and John Doe Number One through Five, throughout the time period mentioned above, examined the Decedent Cheryl Ann Buckman for her abdominal complaints. Defendants advised the decedent she was not in danger. Decedent was not properly screened for any serious or life threatening conditions (such as pancreatic/gastric cancer) while at Pine Ridge IHS, and was instead, repeatedly given some pain medication, some tests were done and then she was discharged. In February and March 2006, specifically, Rommel Brandt and Mila Berdecia and John Does, were negligent in failing to adequately and/or reasonably to read or otherwise follow up on CT scans and EGD tests taken during this time. Also Defendants Lloyd Mcpherson and Katherine Maclean failed to reasonably and/or adequately to read or otherwise follow up on the same CT and EGD tests to be able to properly and reasonably diagnose the Decedent's cancer.

5. Decedent was ultimately referred to another facility after the stomach/pancreatic cancer was finally diagnosed in September 2007, and received some additional treatment which was rendered, but it was too little too late. Decedent ultimately passed away on January 12, 2008 as a result of the long undiagnosed/misdiagnosed pancreatic/gastric cancer.

6. At all times relevant hereto, there existed a physician-patient relationship between the Defendants, including Lloyd Mcpherson, Rommel Brandt, Mila Berdecia, Katherin Maclean

and John Does, and the Decedent.

7. The agents and employees of the Pine Ridge IHS Hospital, and specifically, Lloyd Mcpherson, Rommel Brandt, Mila Berdecia, Katherin Maclean and the John Does, failed to exercise reasonable care and/or the level of medical care according to the standard of care required of medical specialty, when they performed the medical evaluations, exams, tests, reading of tests/scans, etc., done during the time period from February 6, 2006 through November 5, 2007, and the examination, screening and treatment of Decedent's abdomen and grave cancerous condition. Subsequently, Decedent suffered long lasting severe abdominal pain and discomfort, and likely had undiagnosed cancer of the stomach/pancreas in early 2006, then when it was not found by Defendants and John Does in time to save her life, Decedent died as a direct result of the stomach/pancreatic cancer on January 12, 2008.

8. As a direct and proximate result, and in consequence of, the negligence of the Defendants, specifically including Lloyd Mcpherson, Rommel Brandt, Mila Berdecia, Katherin Maclean and John Does, the Decedent Cheryl Ann Buckman, experienced pain and suffering, loss of enjoyment of life, embarrassment, humiliation, psychological/mental anguish, disfigurement, anxiety, worry, loss of opportunity, emotional distress, and ultimately death.

9. As a further direct and proximate result of the negligence of the Defendants, specifically, Lloyd Mcpherson, Rommel Brandt, Mila Berdecia, Katherin Maclean and John Does, as alleged herein, the Decedent, was injured and died, as a direct result of the negligence of the Defendants Lloyd Mcpherson, Rommel Brandt, Mila Berdecia, Katherin Maclean and John Does.

10. As a further direct and proximate result of the negligence of the Defendants, as alleged herein, the Estate and Plaintiff, individually, and collectively, has experienced loss of

enjoyment of life, grief, loss of companionship, loss of support, past and future pain and suffering, and mental anguish.

11. On November 30, 2009, the Claimant/Plaintiff Vernell Buckman submitted an administrative claim based on the allegations herein, to the Pine Ridge Indian Health Service, Department of Health and Human Services, United States of America. A copy of that claim is attached as **Exhibit 1.** The Defendants herein referenced in this action, were identified as private, independent contract employees, not federal employees.

12. The Plaintiff has not yet exhausted her administrative remedies through the Federal Tort Claim Act against the Pine Ridge IHS Hospital and the federal employees. The Plaintiff timely filed an administrative federal tort claim on November 30, 2009. The Government has not yet decided to accept or to deny her claim and damages.

13. The DHHS and/or the Pine Ridge IHS Hospital and/or its administrators and federal officials, have failed to exercise its federal trust responsibility to the Pine Ridge Sioux Tribe and its individual members, including Decedent and Plaintiff here, by negligently failing to protect Decedent and others similarly situated, from the negligent and harmful "medical" care and treatment administered by Lloyd Mcpherson, Rommel Brandt, Mila Berdecia, Katherin Maclean and John Does to Native American patients, such as Decedent under these circumstances.

14. That the negligence referenced above on behalf of DHHS and Pine Ridge IHS officials, is in failing to reasonably screen, hire, investigate, train and/or supervise medical (federal) employees, and private independent contractors such as Lloyd Mcpherson, Rommel Brandt, Mila Berdecia, Katherin Maclean and John Does here, specifically, so as to reasonably, fairly and adequately to protect, and assure, the Native American patients who come to the Pine

Ridge IHS Hospital for medical care, are not unreasonably harmed, disfigured, molested, humiliated and/or killed by the conduct of those IHS employees and the private independent contractors, such as Defendants Lloyd Mcpherson, Rommel Brandt, Mila Berdecia, Katherin Maclean and the John Does, here.

15. That as a result of the above referenced conduct and breaches of duty described in paragraphs one through 14, above, the Plaintiff's and Estate's damages were directly and proximately caused, thereby, and will continue into the future.

WHEREFORE, Plaintiff requests judgement against each of the Defendants individually, and jointly and severally, as follows:

1. For the actual expenses incurred in the treatment of the injuries sustained by Plaintiff and the Estate in the subject incident and for the actual expenses, attorney fees and costs, and prejudgment interest on medical bills and other special damages.

2. For such monetary compensation as shall fully compensate for the pain, bodily injury, humiliation, embarrassment, grief, loss of companionship, anguish and loss of enjoyment of life, loss of support, negligent infliction of emotional distress, mental suffering, physical suffering, anguish, anxiety and stress sustained by Plaintiff, the Decedent, and the Estate to the date of trial and which is likely to continue into the future, in a sum to be determined by a jury in this case.

3. For other and further relief deemed just and necessary in this matter.

Dated this 12th day of January, 2010.

By:_____
Robin L. Zephier
Attorney for Plaintiff Vernell Buckman and

the Estate
2020 W. Omaha
Rapid City, South Dakota 57709
(605) 342-0097