| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit To Appropriate Federal Agency: Pine Ridge Indian Health Service, PO Box 1201, Pine Ridge, SD 57770; DHHS US Dept. of Indian Health Services, Office of General Counsel Claims Office, 330 Independent Ave., SD, Room 4256, Wilbur Cohen Federal Bldg., Washington, DC 20201; Director, Aberdeen Area Indian Health Service, Room 309, Federal Bldg., 115 4th Ave, SE, Aberdeen, SD 57401 | 2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.) (Number, Street, City, State and Zip Code) Vernell Buckman, Claimant on behalf of the Estate of Cheryl Ann Buckman (Deceased), PO Box 665, New Town, ND 58763; Robin L. Zephier, Esq., Representative, PO 9460, Rapid City, SD 57709 |
|---|---|

| 3. TYPE OF EMPLOYMENT ☐ MILITARY ☒ CIVILIAN | 4. DATE OF BIRTH 12-16-1962 | 5. MARITAL STATUS Single | 6. DATE AND DAY OF ACCIDENT January 12, 2008 | 7. TIME (A.M. OR P.M.) N/A |
|---|---|---|---|---|

8. Basis of Claim (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary.)

(Please See Attached)

9. **PROPERTY DAMAGE**

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).
N/A

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED.
(See Instructions on reverse side.)

10. **PERSONAL INJURY/WRONGFUL DEATH**

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT.
(Please See Attached)

11. **WITNESSES**

| NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
|---|---|
| (Please See Attached) | |

12. (See instructions on reverse.) **AMOUNT OF CLAIM (in dollars)**

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.) |
|---|---|---|---|
| N/A | $1,000,000.00 | $3,000,000.00 | $4,000,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.) *Robin L Zephier - Attorney for Estate + Vernell Buckman* | 13b. Phone number of person signing form (605) 342-0097 Attorney | 14. DATE OF SIGNATURE 11/30/09 |
|---|---|---|

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for the civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729.) | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.) |

95-109  NSN 7540-00-634-4046  STANDARD PRESCR 28 CFR

**PLAINTIFF'S EXHIBIT 1**

| INSURANCE COVERAGE |
|---|
| In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of his vehicle or property. |

**15. Do you carry accident insurance?** ☐ Yes  If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number.  ☐ No

N/A

**16. Have you filed a claim on your insurance carrier in this instance, and if so, is it full coverage or deductible?** ☐ Yes  ☐ No  | **17. If deductible, state amount.**

N/A

**18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim?** (It is necessary that you ascertain these facts.)

N/A

**19. Do you carry public liability and property damage insurance?** ☐ Yes  If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code).  ☐ No

N/A

## INSTRUCTIONS

**Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident. If the incident involves more than one claimant, each claimant should submit a separate claim form.**

**Complete all items - Insert the word NONE where applicable.**

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A **SUM CERTAIN** FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN **TWO YEARS** AFTER THE CLAIM ACCRUES.

Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations. If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item #12 of this form.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) **Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.**

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
  A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.
C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid".

## PAPERWORK REDUCTION ACT NOTICE

This notice is <u>solely</u> for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501. Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, D.C. 20530 or to the Office of Management and Budget. Do not mail completed form(s) to these addresses.

Cheryl Ann Buckman

8. Claimant, Vernell Buckman, the natural surviving sister of the decedent, Cheryl Ann Buckman, is a Native American woman residing upon the Pine Ridge Indian Reservation. Both Vernell and her deceased sister Cheryl, are and were duly enrolled members of the Oglala Sioux Indian Tribe in South Dakota. Since the date of Cheryl's untimely and tragic death, she had left behind 2 daughters who are having a difficult time with the loss of their mother. Cheryl was 46 years when she died on January 12, 2007, at her home, which she shared with her mother, Nellie, and her daughters.

Cheryl Ann Buckman had reported to the Pine Ridge Indian Health Service with abdomen, epigastric pain for many years dating back as far as April of 2001. She was always seen, given a GI cocktail, Ranitadine or other medications, and released without any thorough testing done. Cheryl continuously reported back to the Pine Ridge IHS Hospital and finally in November 2003 she had a CT scan of the stomach which was allegedly normal and was told that she might need an endoscopy done. This was never followed up on. Cheryl continued to experience stomach pain, and had another CT scan done in March of 2006 that was returned as abnormal for the upper GI. They increased her Prilosec medication and added Bentyul and prozac. Cheryl continued to suffer from her stomach/abdomen pains up until her admittance in August of 2007 when she was diagnosed with malignant stricture antrum pancreatitis. The hospital D/S diagnosis: gastric carcinoma stage IV with extensive local metastaeses, GERD irritable bowel syndrome with prior history of diarrhea. Had Cheryl been properly tested and treated, her cancer may have been diagnosed earlier. Cheryl was released home to live out the remainder of her shortened life in excruciating pain and anxiety, and where she expired on January 12, 2008. Please see attached timeline.

The Estate's attorney has requested the specific names and titles of IHS officials (doctors, nurses, PA's, etc.) involved in Decedent's care between January 2006 up until her death on January 12, 2008. However, the Government has never responded to said request. (See attached letter to U.S. Attorney).

10. Claimant Vernell Buckman, Nellie Buckman, mother and the children of her deceased daughter, Cheryl Ann Buckman, the heirs of the estate of Cheryl Ann Buckman, have suffered extreme fright, anxiety, pain, suffering, medical cost (past and future), funeral expenses, emotional distress, anxiety, depression, loss of comfort, loss of companionship, loss of support, and humiliation as a result of medical negligence of the IHS doctors, nurses and physicians assistants in failing to reasonably diagnose Cheryl Ann Buckman and her stomach cancer since the time of her complaints beginning back in 1998 and forward and including the time of her death on January 12, 2007. Cheryl Ann Buckman, herself, suffered extreme pain and suffering, mortal pain, anxiety, depression, humiliation, emotional distress, medical cost and related expenses associated with her suffering, during the time that she was forced to endure the undiagnosed condition and then ultimately the diagnosed and terminal condition of gastric pancreatic cancer which invaded her pancreas, which was negligently missed by the IHS medical personnel. Cheryl's continued complaints of severe abdominal pain, stomach cramps, nausea,

vomiting and diarrhea, were mainly ignored (back in November 2003 she had CT scan of stomach and was told she might need endoscopy that was never completed). The standard of care provided by the medical personnel at the IHS-doctors, nurses, ER personal and PA's, was far below the standard of medical care appropriate to provide the level of reasonable care that the claimant and/decedent deserved in order to adequately and reasonably diagnose the decedent with stomach/pancreatic cancer at an early stage or earlier stage, to more effectively deal with the cancer situation before it got critical, threatened her life, and ultimately ended up taking her life. Cheryl's rights to life, liberty and the pursuit of happiness under the Declaration of Independence, and the U.S. Constitution, Amendments I, IV, V and XIV were violated. The Pine Ridge IHS staff violated provisions of the 1868 Fort Laramie Treaty which provides for reasonable and unharmful medical care be provided to the Sioux people. See also answer to number 8, above.

11. Unknown physicians and nurses, PA's, at Pine Ridge IHS Hospital
P.O. Box 1201
Pine Ridge, SD 57770

Vernell Buckman, Sister
PO Box 665
New Town, ND 58763

The Family of Cheryl Ann Buckman, mother Nellie, siblings, and two daughters, Erica Buckman and McKenzie Buckman
PO Box 879
Pine Ridge, SD 57770

Dr. John E. Looby, Rapid City Regional Hospital
PO Box 6000
Rapid City, SD 57709

Dr. John Doe #1, Rapid City Regional Hospital
PO Box 6000
Rapid City, SD 57709

Dr. John Doe #2, Rapid City Regional Hospital
PO Box 6000
Rapid City, SD 57709

Various Physicians, physicians assistants and nurses and other healthcare personnel at Rapid City Regional Hospital, and Rapid City Regional Cancer Care, Rapid City South Dakota

Dr. John Doe #3, Pine Ridge IHS Hospital, Pine Ridge, South Dakota

Dr. JohnDoe #4, Pine Ridge IHS Hospital, Pine Ridge, South Dakota

Dr. John Doe #5, Pine Ridge IHS Hospital, Pine Ridge, South Dakota

Dr. RM Hanna, Mayo Clinic, Rochester, MN

Ambulance personal, Pine Ridge IHS Hospital, Pine Ridge, South Dakota

Dr. Malin Dollinger, 26235 Birchfeild Ave., Rancho Talos Verdes, CA 90275

It should be noted that the IHS doctors, nurses, physicians, referred to on the records, cannot readily be identified by clear name and designation because of the inadequacy and the clarity of the signatories, and because of the IHS's propensity and practice to switch doctors on a routine and a frequent basis, for each IHS patient without full discovery and disclosure. A more thorough list and complete data concerning the names and positions of these individuals, will certainly be more readily available through full discovery during the claim process.